IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DONNA A. MONTAGUE,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant.

Case No. 3:15-cv-02399-AA
OPINION AND ORDER

AIKEN, Judge:

    Plaintiff Donna A. Montague brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's applications for Disability Insurance Benefits ("DIB"). For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

    On January 18, 2012, plaintiff applied for DIB. Tr. 300. She alleged disability beginning December 31, 2008, due to depression, anxiety, Asperger's Syndrome, cognitive disorder, insomnia,

Page 1 - OPINION AND ORDER

bowel disorder, anorexia, and sensory issues. Tr. 304. Her application was denied initially and upon reconsideration. Tr. 114, 129. On May 6, 2014, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 40. Plaintiff, represented by counsel, testified, as did a vocational expert ("VE") and a medical expert. Tr. 40. The ALJ scheduled a supplemental hearing to permit additional investigation into plaintiff's assertions regarding Asperger's Syndrome. Tr. 74-75. That second hearing, at which plaintiff was again represented by counsel, was held June 13, 2014. Tr. 79. On July 18, 2014, the ALJ issued an unfavorable decision. Tr. 33. After the Appeals Council denied her request for review, plaintiff filed a complaint in this Court. Tr. 1.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is susceptible to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether

a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1502(a)(4). At step one, the ALJ found plaintiff had not engaged in "substantial gainful activity" since the alleged disability onset date. Tr. 19; 20 C.F.R. §§ 404.1520(a)(4)(i), (b). At step two, the ALJ found plaintiff had the following severe impairments: depression, dysthymic disorder,[1] and mild cognitive disorder. Tr. 19; 20 C.F.R. §§ 404.1520(a)(4)(ii), (c). At step three, the ALJ determined plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. Tr. 22; 20 C.F.R. §§ 404.1520(a)(4)(iii), (d).

> The ALJ found plaintiff retained the residual functional capacity ("RFC")
>
> to perform a full range of work at all exertional levels but with the following nonexertional limitations: She can understand and remember simple instructions. She can remember and understand some detailed instructions if she is given additional time in a focused environment to learn the detailed tasks. She has sufficient ability to maintain concentration, persistence, or pace to complete simple, routine tasks for a normal workday and workweek; but she can complete detailed tasks for a normal work day and workweek . . . if she is not required to perform multitasking and if initially she is given additional time to get used to completing the detailed tasks. She should have only superficial interactions with co-workers and she should work independently. She should have few changes to the work setting. She should not be required to work in an environment with loud noise. She should be allowed to wear earplugs.

Tr. 24; 20 C.F.R. § 404.1520(e). At step four, the ALJ concluded plaintiff would be unable to perform any "past relevant work." Tr. 31, 20 C.F.R. §§ 404.1520(a)(4)(iv), (f). At step five, relying on the VE's testimony, the ALJ found plaintiff could perform several jobs existing in significant numbers in the national economy: small product assembler, garment sorter, and packing line worker. Tr. 32, 20 C.F.R. §§ 404.1520(a)(4)(v), (g). Accordingly, the ALJ found plaintiff not disabled and denied her application for benefits. Tr. 33.

## DISCUSSION

Plaintiff makes a single allegation of error on appeal. She contends the ALJ impermissibly

---

[1] "Dysthymic Disorder is a chronically depressed mood that occurs for most of the day, more days than not, for at least two years." *Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 971 n.2 (9th Cir. 2000) (citing Diagnostic and Statistical Manual of Mental Disorders at 623 (4th ed. 1994)).

Page 3 - OPINION AND ORDER

discounted the opinion of Judith B. Belk, Ph.D., a speech-language pathologist and audiologist, without providing legally sufficient reasons for doing so.

There are three types of medical opinions in Social Security disability cases: those of treating, examining, and reviewing physicians. *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.* at 1202; 20. C.F.R. § 404.1527(d). The ALJ may reject the uncontradicted medical opinion of a treating physician only for "clear and convincing" reasons supported by substantial evidence in the record. *Holohan*, 246 F.3d at 1202. Where there is a conflict between two medical opinions, the ALJ may rely on the medical opinion of a non-treating doctor instead of the contrary opinion of a treating doctor only if the ALJ provides "specific and legitimate" reasons supported by substantial evidence in the record. *Id.* Medical opinions may address both the nature of the plaintiff's limitations and the ultimate issue of disability, *i.e.* whether the plaintiff is capable of any work, given his or her limitations. *Id.* Although the ultimate decision regarding disability is reserved to the Commissioner, 20 C.F.R. § 404.1527(e)(1), the rules governing consideration of medical opinions apply with equal force to opinions on the ultimate issue of disability. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

Dr. Belk examined plaintiff on May 11, 2012 and June 8, 2012, and continued as her treating provider. Tr. 633-34. In a February 23, 2014 letter to the ALJ, Dr. Belk wrote that

> Ms. Montague has documented bilateral hypersensitivity to sound. This hypersensitivity to sound results in an inability to filter out important sounds from background sounds. Ms. Montague has profound difficulty tuning out auditory distractions whether in a classroom, on a job, when walking on city streets, or when trying to sleep. Her areas of significant dysfunction greatly reduce her quality of life, and extremely limit her options due to the exhaustion and stress that she experiences from trying to deal with constant bombardment of sounds.
>
> . . .
>
> I do not believe that Ms. Montague could sustain a 40-hour work-week, even if a very quiet environment such as a library. The exhaustion that she would experience due to her efforts to filter out background noises would render her incapable of work after only an hour or two.

Page 4 - OPINION AND ORDER

Tr. 633-34.

The ALJ gave "some weight" to Dr. Belk's opinion, and as noted above included in the RFC some non-exertional limitations regarding hypersensitivity to sound. Tr. 24, 28. However, the ALJ noted that the ultimate decision regarding disability is reserved to the Commissioner, guided by the Social Security Act and its accompanying regulations. Tr. 28. The ALJ also stated, "I disagree that the claimant will be unable to adhere to basic attendance requirements . . . . Further, the evidence does not support that the claimant would become so exhausted after two hours of filtering sounds from her environment that she would be unable to perform any full-time work." Tr. 29.

Because Dr. Belk's opinion regarding plaintiff's ability to work full-time is contradicted by other medical opinions in the record, the ALJ was required to support the decision to reject that opinion with specific, legitimate reasons. *Holohan*, 246 F.3d at 1202. Plaintiff argues that the ALJ's first statement about Dr. Belk's opinion — that the ability to work a full day and week is a statement on the ultimate issue of disability, a determination reserved to the Commissioner — is not legitimate. She contends that the second statement — that the evidence does not support that plaintiff would be too exhausted to work after two hours — is insufficiently specific.

With respect to the first argument, plaintiff is correct that an ALJ may not reject a treating physician's opinion simply because it relates to the ultimate issue of disability. However, that is not the only reason the ALJ gave for rejecting Dr. Belk's opinion. Accordingly, it is not a basis for reversal. Regarding the second argument, it is true that the ALJ failed to clearly explain which portions of the record did not support Dr. Belk's conclusion. The ALJ did not directly cite or describe any contrary evidence in the record in the paragraphs addressing Dr. Belk's opinion. The ALJ therefore erred by failing to provide sufficiently specific reasons to reject Dr. Belk's opinion.

Even where the ALJ errs, the Commissioner's decision must be upheld if the error was harmless. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). An error is harmless "if the agency's path may be reasonably discerned, even if the agency explains its decision with less than ideal clarity." *Id.* (citation and quotation marks omitted).

Page 5 - OPINION AND ORDER

Here, the ALJ's reasoning can be discerned from reading the pages preceding and following the paragraphs addressing Dr. Belk's opinion. First, the ALJ gave "great weight" to the opinion of Donald E. Lange, Ph.D. Dr. Lange performed a comprehensive neuropsychological evaluation of plaintiff in November 2011. Tr. 411. Dr. Lange documented the same type of auditory problems noted by Dr. Belk, stating that plaintiff's "inability to filter noise and other sensations essentially exhausts her in the process by which she attempts to exert the extra energy to avoid distraction, overstimulation, and remain focused." Tr. 421. However, Dr. Lange did not share Dr. Belk's opinion that plaintiff would be unable to sustain work due to those problems. Instead, Dr. Lange opined that

> [E]ven though . . . [plaintiff is] most comfortable being underemployed, the reality is that she actually will do better given the mix of her cognitive and emotional issues working in a job that has limited multitasking, is relatively routine, and easily learned w[h]ere she can utilize memory aids if necessary. When she becomes more stabilized then she can begin to look at more realistic long-term vocational alternatives that best fits her pattern of strengths and weaknesses.

Tr. 424. In other words, Dr. Lange not only believed plaintiff could work full-time, he believed doing so would improve her overall functioning.

Second, the ALJ cited the opinions of agency psychological consultants and the medical expert who testified at the hearing. Those reviewing providers all concluded plaintiff would be able to work full-time notwithstanding her limitations. Tr. 29.

Third, the ALJ noted that plaintiff had been struggling with the same underlying impairments "at approximately the same level of severity" for years prior to the alleged disability onset date. Tr. 30. Specifically, the ALJ stated that plaintiff had experienced "auditory processing symptoms for a very long time," but that those symptoms "did not prevent the claimant from completing several college degrees; traveling throughout Europe, to Alaska, and elsewhere; and working adequately for many years" as a nurse. Tr. 30. The ALJ found those activities "strongly suggest[ed]" plaintiff's auditory processing problems "would not currently prevent all work." Tr. 30.

Two qualified experts diagnosed plaintiff with hypersensitivity to sound. Those experts reached conflicting conclusions regarding the work-related consequences of that condition. The ALJ

Page 6 - OPINION AND ORDER

reasonably reconciled that conflict by adopting the interpretation she considered most consistent with the opinions of the reviewing providers and plaintiff's past education, work, and travel history. The ALJ then incorporated into the RFC limitations and protections designed to address the limiting effects of the underlying condition. Although the ALJ erred by failing to clearly connect those reasons to her partial rejection of Dr. Belk's opinion, the ALJ's reasoning can be discerned from the decision and is supported by substantial evidence. The ALJ's error was therefore harmless.

## CONCLUSION

The Commissioner's decision is AFFIRMED and this case is dismissed.

IT IS SO ORDERED.

Dated this 11th day of January 2017.

_____
Ann Aiken
United States District Judge